**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| REINALDO CORTEZ-MACHADO, | Civil Action No. 26-8142 (JXN) |
| Petitioner, | |
| v. | **OPINION** |
| LUIS SOTO, *et al.*, | |
| Respondents. | |

**NEALS**, District Judge

Before the Court is Petitioner Reinaldo Cortez-Machado's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention. (ECF No. 1.) Respondents ("Government") filed an opposition to the Petition. (ECF No. 6.) The Court has considered the parties' submissions and decides the Petition without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Petition is **DENIED**.

I.      **BACKGROUND**

Petitioner, a Honduran native, unlawfully entered the United States without inspection on October 5, 2007. (*See* Gov't Opp'n at 1, ECF No. 6; *see also* Gov't Ex. 1 at 2, ECF No. 6-1.) Two days later, immigration authorities encountered Petitioner and issued him a Notice and Order of Expedited Removal ("Removal Order"). (Gov't Opp'n at 3; Gov't Ex. 2, ECF No. 6-2.) Petitioner was removed from the United States on October 26, 2007. (Gov't Ex. 3, ECF No. 6-3.)

Petitioner re-entered the United States at an unknown time and place. (Gov't Opp'n at 2.) On June 22, 2026, Fugitive Operations agents encountered Petitioner during what the Government refers to as a "targeted enforcement operation." (*Id.*) The Government reinstated Petitioner's Removal Order and served him with a Warning to Alien Ordered Removed/Departure Verification. (*Id.*; Gov't Ex. 5, ECF No. 6-5.) The Government also issued Petitioner a Warning for Failure to Depart, a Warrant of Removal/Deportation, and a Notice of Intent/Decision to Reinstate Prior Order. (Gov't Ex. 6, ECF No. 6-6; Gov't Ex. 7, ECF No. 6-7; Gov't Ex. 8, ECF No. 6-8.) Petitioner remains detained pursuant to his reinstated final Removal Order.

On July 2, 2026, Petitioner filed the instant Petition arguing, among other things, that the government may not detain him under 8 U.S.C. § 1225(b)(2), and he is entitled to a bond hearing under 8 U.S.C. § 1226(a). (*See generally* Habeas Pet., ECF No. 1.) On July 6, 2026, the Government filed a letter response arguing that Petitioner is lawfully detained and is subject to a final order of removal under 8 U.S.C. § 1231(a). (*See* Gov't Opp'n, ECF No. 6.)

## II.    <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.    DISCUSSION

In his Petition, Petitioner argues that he is unlawfully detained under 8 U.S.C. § 1225(b)(2). (*See generally* Habeas Pet.) In response, the Government submits that Petitioner is not detained under 8 U.S.C. § 1225(b)(2); rather he is detained under 8 U.S.C. § 1231(a) pursuant to a reinstated final Removal Order. (*See generally* Gov't Opp'n.)

Petitioner has a reinstated final Removal Order. The record shows that Petitioner (1) was issued a Removal Order on October 7; (2) was removed from the United States on October 26, 2007; and (3) unlawfully re-entered the United States at some point later.

Based on the above, the Government reinstated Petitioner's Removal Order on June 22, 2026. Under 8 U.S.C. § 1231(a)(5), when a noncitizen reenters the United States after having been removed under a prior order, "the prior order of removal is reinstated from its original date" and the noncitizen "shall be removed under the prior order." The Supreme Court has made clear that detention in this posture is governed by § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 529–30 (2021) (explaining that once a removal order is reinstated, the noncitizen is in a post-final-order posture and detention is governed by § 1231's removal-period framework). Accordingly, Petitioner's detention arises under § 1231(a).

§ 1231 states, in relevant part, that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of [ninety] days." 8 U.S.C. § 1231(a)(1)(A). This ninety-day detention is mandatory. *See Zadvydas*, 533 U.S. at 683 ("After entry of a final removal order and during the [ninety]-day removal period, [noncitizens] must be held in custody." (internal citation omitted)). Petitioner was taken into custody on June 22, 2026. As a result, Petitioner's detention is still within the ninety-day mandatory detention period, rendering any challenge to his § 1231 detention premature.

3

## IV.    CONCLUSION

For the reasons set forth above, the Petition (ECF No. 1) is **DENIED**. An appropriate Order

accompanies this Opinion.


**DATED**: 7/24/2026

_____

**JULIEN XAVIER NEALS**
**United States District Judge**

4